**IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION**

**BASAVARAJ A. HOOLI,**

    **Plaintiff,**

vs.                                       Case No. 4:12cv135-WS/CAS

**PRESBYTERIAN HOSPITAL,**
**et al.,**

    **Defendants.**

_____/

**O R D E R**

Plaintiff, proceeding *pro se*, has attempted to initiate a case but has failed to either pay the filing fee or submit a motion seeking leave to proceed *in forma pauperis*. No further action will be taken on this case until Plaintiff either pays the filing fee ($350.00) or submits an *in forma pauperis* motion supported by a financial affidavit.

A cursory review has been made of the complaint submitted. Doc. 1. While the complaint is not a model of clarity, it appears that Plaintiff is attempting to state a claim for breach of contract. The complaint is deficient, however, because it fails to allege that Plaintiff had a signed, legally binding contract with any particular named Defendant. The complaint also fails to assert when and where the contract, if one exists, was

signed or otherwise ratified. The complaint indicates that actions which Plaintiff suggests constitute a breach, took place in New Mexico and, thus, it is not clear that the case should proceed in this Court as there is no indication that jurisdiction in the Northern District of Florida is appropriate.

The federal venue statutes provide that when a civil action is filed based on the Court's diversity jurisdiction, it may be brought only in:

> (1) a judicial district where any defendant resides, if all defendants reside in the same State,
>
> (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated, or
>
> (3) a judicial district in which any defendant is subject to personal jurisdiction at the time the action is commenced, if there is no district in which the action may otherwise be brought.

28 U.S.C. § 1391(a). If Plaintiff intends to proceed in this action, Plaintiff must demonstrate within the allegations of the complaint that jurisdiction[1] is appropriate and that venue belongs in the Northern District of Florida.

If Plaintiff chooses to submit an amended complaint, Plaintiff must provide clear statements of fact showing when and where the contract was signed, the contract provision which was allegedly breached, and Plaintiff must establish jurisdiction and venue. Plaintiff must present statements of fact showing how each named Defendant harmed him, and Plaintiff must provide all relevant dates for the events alleged.

---

[1] For a federal district court to have jurisdiction of a civil action based on diversity, the matter in controversy must exceed $75,000, exclusive of interest and costs, and it must be between citizens of different States. 28 U.S.C. § 1332(a). There must be complete diversity and Plaintiff has the burden of establishing that fact. Underwriters at Lloyd's, London v. Osting-Schwinn, 613 F.3d 1079, 1085 (11th Cir. 2010).

Case No. 4:12cv135-WS/CAS

Plaintiff shall have until **April 30, 2012**, to either pay the filing fee for this case, or file a properly completed financial affidavit and *in forma pauperis* motion. Plaintiff must also submit an amended complaint and correct the deficiencies identified above.

Accordingly, it is

**ORDERED:**

1. Plaintiff shall have until **April 30, 2012**, in which to either pay the filing fee or submit a completed *in forma pauperis* motion, supported by a financial affidavit.

2. Plaintiff must file an amended complaint by **April 30, 2012**, demonstrating diversity jurisdiction and that venue is appropriate in the Northern District of Florida.

3. **Failure to comply with this Court Order may result in a recommendation of dismissal of this action.**

4. The Clerk of Court shall return this file to chambers upon receipt of the filing fee or *in forma pauperis* motion, or no later than April 30, 2012.

**DONE AND ORDERED** on April 3, 2012.

> S/  Charles A. Stampelos
> **CHARLES A. STAMPELOS**
> **UNITED STATES MAGISTRATE JUDGE**