# IN THE UNITED STATES DISTRICT COURT FOR THE
# NORTHERN DISTRICT OF FLORIDA
# TALLAHASSEE DIVISION

**BASAVARAJ A. HOOLI,**

    **Plaintiff,**

**vs.**                                                                                       **Case No. 4:12cv135-WS/CAS**

**PRESBYTERIAN HOSPITAL,**
**et al.,**

    **Defendants.**

_____/

## REPORT AND RECOMMENDATION

In a separate order entered this day, Plaintiff's *in forma pauperis* motion, doc. 5, has been granted. While some explanation might have been required if this case were to continue, review of the amended complaint leads to the conclusion that this case should not proceed.

After a cursory review of the initial complaint, doc. 1, Plaintiff was advised that his complaint alleging a breach of contract was deficient because it failed to allege that Plaintiff had a signed, legally binding contract with any particular named Defendant, and it failed to assert when and where the contract, if one exists, was signed or otherwise ratified. Doc. 4. Furthermore, because the complaint indicated that the underlying

actions took place in New Mexico, it was not clear that the case should proceed in this Court. *Id.* Plaintiff has now filed an amended complaint, doc. 6, and review leads to the conclusion that the amended complaint fails to state a claim and jurisdiction in the Northern District of Florida is not appropriate.

The federal venue statutes provide that when a civil action is filed based on the Court's diversity jurisdiction, it may be brought only in:

> (1) a judicial district where any defendant resides, if all defendants reside in the same State,
>
> (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated, or
>
> (3) a judicial district in which any defendant is subject to personal jurisdiction at the time the action is commenced, if there is no district in which the action may otherwise be brought.

28 U.S.C. § 1391(a). The named Defendants are located in New Mexico, and there are no factual allegations which reveal that any events occurred in the Northern District of Florida.[1] Doc. 6.

Moreover, Plaintiff does not allege a viable claim for breach of contract because Plaintiff presents no factual allegations suggesting there was a written legally binding contract with any party, nor does Plaintiff submit a copy of the alleged contract. To

---

[1] For a federal district court to have jurisdiction of a civil action based on diversity, the matter in controversy must exceed $75,000, exclusive of interest and costs, and it must be between citizens of different States. 28 U.S.C. § 1332(a). There must be complete diversity and Plaintiff has the burden of establishing that fact. <u>Underwriters at Lloyd's, London v. Osting-Schwinn</u>, 613 F.3d 1079, 1085 (11th Cir. 2010).

Case No. 4:12cv135-WS/CAS

plead a claim for breach of contract "under Florida law, a plaintiff must assert the existence of a contract, a breach of such contract, and damages resulting from such breach."  Bray & Gillespie Management LLC v. Lexington Ins. Co., 527 F.Supp.2d 1355, 1365  (M.D. Fla. 2007).  Plaintiff's amended complaint is insufficient on its face and should be dismissed.

Leave to amend and provide a second amended complaint should not be granted because it does not appear that Plaintiff can establish meaningful contact with Florida by the Defendants such that due process is satisfied.  "The Due Process Clause protects an individual's liberty interest in not being subject to the binding judgments of a forum with which he has established no meaningful contacts, ties, or relations."  Burger King Corp. v. Rudzewicz, 471 U.S. 462, 471-72, 105 S.Ct. 2174, 2181-82, 85 L.Ed.2d 528 (1985).  In this case, where the Defendants[2] are Hospitals operating in the State of New Mexico, it has not been shown nor alleged that the Defendants' activities "show a general course of business activity in the state for pecuniary benefit."  Stubbs v. Wyndham Nassau Resort and Crystal Palace Casino, 447 F.3d 1357, 1361 (11th Cir. 2006).  It is unlikely that such a showing can be made, particularly in light of the fact that Plaintiff cannot provide a signed contract with the Defendants.  "In addition to satisfying the Florida long-arm statute, a federal court sitting in diversity must insure that jurisdiction comports with the due process requirements of the Fourteenth Amendment."  Meier v. Sun Intern. Hotels, Ltd.  288 F.3d 1264, 1274 (11th Cir. 2002).  The amended complaint fails to provide a basis for jurisdiction over the non-resident Defendants.

---

[2] Plaintiff does not provide an address for the third named Defendant, but it appears that this individual had been in the State of New York, and possibly now works at the New Mexico hospital.

In light of the foregoing, it is respectfully **RECOMMENDED** that Plaintiff's amended complaint, doc. 6, be **DISMISSED** for failure to state a claim upon which relief may be granted and for lack of personal jurisdiction over the named Defendants.

**IN CHAMBERS** at Tallahassee, Florida, on May 2, 2012.

  S/     Charles A. Stampelos
**CHARLES A. STAMPELOS**
**UNITED STATES MAGISTRATE JUDGE**

### NOTICE TO THE PARTIES

**A party may file specific, written objections to the proposed findings and recommendations within 14 days after being served with a copy of this report and recommendation.  A party may respond to another party's objections within 14 days after being served with a copy thereof.  Failure to file specific objections limits the scope of review of proposed factual findings and recommendations.**